**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
OBOERHURU EMOFOVWAH,

Plaintiff,

-against-

URBAN ENERGY INC. d/b/a URBAN ENERGY NYC

Defendant.
-------------------------------------------------------X

Case No.: 23-cv-3936

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff OBOERHURU EMOFOVWAH ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of race, color and ethnicity and retaliated against for complaining of discrimination.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343 as this action arises under 42 U.S.C. § 2000e, *et seq.*

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under State

and City law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York, or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2022; (b) receiving a Notice of Right to Sue from the EEOC on April 13, 2023; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing a copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## PARTIES

6. At all relevant times, Plaintiff was and is a resident of Queens County, New York.

7. Plaintiff is a black female.

8. Defendant URBAN ENERGY INC. d/b/a URBAN ENERGY NYC ("URBAN ENERGY") was and is a foreign business corporation duly existing under, and by virtue of, the laws of the State of Delaware.

9. Upon information and belief, Defendant URBAN ENERGY's Principal Executive Office is located at 116 Ainslie Avenue, Brooklyn, New York 11211 which is the location Plaintiff worked at.

10. Upon information and belief, Defendant URBAN ENERGY employs at least fifteen or more

employees.

11. At all relevant times, Plaintiff was an employee of Defendant URBAN ENERGY.

## MATERIAL FACTS

12. On or around January 3, 2022, Plaintiff began working for Defendant as an Operations Manager. Plaintiff worked a hybrid schedule, coming into the office occasionally and also working remotely.
13. Plaintiff earned a base salary of $70,000 a year.
14. Shortly after commencing her employment with Defendant, Plaintiff began to experience microaggressions from then Project Manager Laetitia Mignardot ("Laetitia") and other management employees.
15. By way of example, in a construction team meeting Plaintiff suggested that the construction team employees should join the Microsoft Teams platform to better integrate the office and construction teams. Laetitia was opposed to this suggestion stating that WhatsApp was a sufficient enough platform for the construction team employees to use. Plaintiff was offended and disagreed with this suggestion considering most of the construction team members are people of color. Plaintiff also noticed that her White office members would snub the construction workers by not paying them any attention when on a construction site.
16. Plaintiff complained about the disparate treatment of the black construction employees to the office staff on site, who subsequently began addressing the construction team.
17. Plaintiff herself experienced treatment from office staff different from her white colleagues. By way of example, Laetitia would disagree with Plaintiff virtually every time she spoke during weekly construction meetings. Plaintiff's access to the company's credit card, necessary for her to pay bills as part of her standard duties, was revoked without warning or explanation.
18. On or about July 20, 2022, Plaintiff learned that Laetitia had been promoted to Chief

Operations Officer.

19. Thereafter, Plaintiff had a meeting with Laetitia. During the meeting, Laetitia disagreed with and argued against Plaintiff on almost every point she made, even when she was simply relaying information or expectations from the Co-Founder and Chief Executive Officer Russell Wilcox ("Wilcox"). Plaintiff noticed that Olivia, the Chief of Staff, and Katie, an intern, who are both White, did not experience the same responses from Laetitia.

20. On or about July 25, 2022, Plaintiff had a second meeting with Laetitia. As before, the meeting was contentious and aggressive, with Laetitia suggesting that Plaintiff was not competent in her role in Human Resources, speaking over her, and repeating points that Plaintiff had previously raised.

21. After the meeting, Plaintiff emailed Wilcox to request that she be reassigned away from Laetitia's supervision due to the racist microaggressions she was experiencing.

22. The next day, Wilcox responded to Plaintiff's email, denying her request to be reassigned and telling Plaintiff to "refrain from emails like this in the future as it is hurtful and not productive." Plaintiff understood that her complaint about race discrimination was unwelcome and being dismissed without investigation.

23. After receiving the response, Plaintiff met with Wilcox over coffee. Wilcox told Plaintiff that her allegations could not be proven and that she needed to "pick [her] battles."

24. On or about July 27, 2022, Plaintiff again attended an Operations team meeting. Plaintiff was relieved to notice that Laetitia spoke to Plaintiff in a completely different and improved demeanor. Plaintiff no longer had to repeat herself, and Laetitia appeared to be actively listening to her comments. Plaintiff understood this change to be in response to her complaint of discrimination.

25. However, on or about August 3, 2022, Wilcox sent Plaintiff a message on Microsoft Teams

requesting another meeting. During this meeting, Wilcox terminated Plaintiff's employment. Wilcox told Plaintiff that the termination was due to her poor working relationship with Laetitia. Plaintiff understood her termination to be in retaliation due to her complaint of race discrimination.

26. The explanation used to justify Plaintiff's termination was without basis and entirely pretextual.

27. Plaintiff was terminated directly following her complaints of discrimination, and her retaliatory termination was not justified by any alleged performance issues, which had never been raised before Plaintiff's termination.

28. Plaintiff was unlawfully discriminated and retaliated against, humiliated, degraded, and belittled.

29. **Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff in response to Plaintiff making a complaint of discrimination.**

30. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, she has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

32. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

33. As such, Plaintiff demands punitive damages against Defendant.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

34. Plaintiff repeats and realleges each and every allegation made in the above paragraph of this

Complaint.

35. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for relief based upon the unlawful employment practices of Defendant.

36. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's **race (black).**

37. Defendant engaged in unlawful employment practices prohibited by Title VII by discrimination against Plaintiff **based on her race (black).**

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

39. Title VII provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

40. Defendant engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff with respect to the terms, conditions, or privileges of her employment because of her opposition to the unlawful employment practices of Defendant.

**AS A THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYSHRL**

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint.

42. Executive Law § 296 provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

43. Defendant engaged in unlawful discriminatory practices by discriminating against Plaintiff **because of her race (black).**

**AS A FOURTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYSHRL**

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

45. Executive Law § 296(7) provides that, "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article..."

46. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff, and ultimately terminating her, because of her opposition to the unlawful employment practices of Defendant.

**AS A FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYCHRL**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

48. New York City Administrative Code § 8-107(1) provides that it shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … **race** … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

49. Defendant engaged in unlawful discriminatory practices by discriminating against Plaintiff **because of her race (black).**

50. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administration Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff **because of her race (black).**

**AS A SIXTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYCHRL**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

52. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

53. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff, and ultimately terminating him, because of Plaintiff's opposition to the unlawful employment practices of Defendant.

**JURY DEMAND**

54. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendant discriminated against Plaintiff on the basis of **race, color and ethnicity and retaliated against Plaintiff for engaging in a protected activity**;

B. Awarding damages to Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action, and pre-judgment and post-judgment interest; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
May 26, 2023

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By: _/s/ Brittany Stevens_______
Brittany A. Stevens, Esq.

Daniela C. Mendes, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 -2107
bstevens@tpglaws.com
dmendes@tpglaws.com